## John G. Neal *vs.* Lemuel Williams.

An innocent purchaser of goods for a valuable consideration from a fraudulent vendee, in possession thereof, obtains a good title against the creditors of the fraudulent vendor.

The action was replevin for a pair of oxen, attached by the defendant as an officer on a writ in favor of one .*Dore* against *J. Westcott,* as his property. The action was referred to a referee, to be decided upon legal principles. The referee, in his report stated, that the plaintiff claimed the property as having been sold to him by *J. Witham,* and it was proved, that the plaintiff purchased the oxen *bona fide* of *Witham,* and while they were actually in his possession, and without any knowledge on the part of the plaintiff of any defect or fraud in *Witham's* title, he having a bill of sale of the oxen signed by *Westcott.* The defendant proved,

that the debt sued in the action in which the oxen · were attached, was to the amount of their value, and was justly due before the sale of the oxen by *Westcott* to *Witham;* and also that the sale from *Westcott* to *Witham* was made for the purpose of delaying and defrauding creditors; that *Witham* at the time of the sale was solvent, and so continued until after the attachments.

On these facts, the referee decided, that the property of the oxen was in the plaintiff, and that he was entitled to recover his costs; unless in the opinion of the Court, the decision of the referee is wrong in matter of law, in which event he decided, that the property of the oxen was not in the plaintiff, and that the defendant should recover costs.

*Tenney* and *Hutchinson*, for the defendant, contended, that the Court ought to reverse the decision of the referee, and cited *Woodman* v. *Trafton*, 7 *Greenl.* 178; *Seaver* v. *Dingley*, 4 *Greenl.* 306; *Damon* v. *Bryant*, 2 *Pick.* 411; 2 *Stark. Ev.* 116; *Buffington* v. *Gerrish*, 15 *Mass. R.* 156.

*Leavitt*, for the plaintiff, insisted, that the plaintiff by his purchase had acquired a perfect title to the property replevied, and cited *Rowley* v. *Bigelow*, 12 *Pick.* 307; *Somes* v. *Brewer*, 2 *Pick.* 184; *Bridge* v. *Eggleston*, 14 *Mass. R.* 245; *Mowry* v. *Walsh*, 8 *Cowen*, 238; *Seaver* v. *Dingley*, 4 *Greenl.* 306.

The opinion of the Court was drawn up by

Shepley J. — It was decided in *Preston* v. *Crofit*, 1 *Conn. R.* 527, *note*, that an innocent purchaser for a valuable consideration from the fraudulent grantee did not obtain a good title against the creditors of the fraudulent grantor. This case was approved and strengthened by the decision of chancellor *Kent*, in *Roberts* v. *Anderson*, 3 *Johns. Ch. R.* 372. But this last decision was reversed in the court of errors, and the contrary doctrine established. *Anderson* v. *Roberts*, 18 *Johns. R.* 515. And *Kent* states, that such is now the settled doctrine. 4 *Com.* 464. The question was very elaborately examined in the case of *Somes* v. *Brewer*, 2 *Pick.* 184, and the Court came to the like conclusion. It was decided in *Rowley* v. *Bigelow*, 12 *Pick.* 307, that the same rule prevails in the sale and purchase of personal property.

*Judgment for plaintiff.*